UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**HILLARY C. PARKER**  **PLAINTIFF**

v.  **CIVIL ACTION NO. 3:05CV-546-C**

**GILLETTE**
**SCHICK**
**VENTURE CLUB**  **DEFENDANTS**

**OPINION**

This matter is before the court for review of the plaintiff's complaints and amendment pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

**I.**

The plaintiff, Hillary C. Parker, who is proceeding *in forma pauperis* and without the assistance of counsel, filed three complaints to initiate this action and later filed an amendment. In the first complaint, he asserted that he is bringing a class-action suit against Gillette.[1] He listed no defendant in the caption, failed to fill out the statement-of-claim portion of the form, and requested no relief. He even failed to sign the complaint, and for this reason, the clerk of court issued a deficiency notice. In response to the deficiency notice, the plaintiff filed a second

---

[1] The plaintiff actually wrote "Juliett," but in reading the first complaint in conjunction with the other complaints filed in this action, it is clear that he meant Gillette.

complaint listing Schick[2] and Gillette as defendants in the caption, requesting $20 million in monetary and punitive damages and return of his investment, and claiming theft of his investment and of new products, including baby food; milk; "a new product for Hair made from Fabric softner"; and four- and five-blade, dry-shave razors.  Finally, in a third complaint, the plaintiff again asserted a class-action suit against Gillett and Schick, but this time he also named "Venture Club investment" as a defendant and referenced a "4 Blade Razor off of Web Site."

   Finding a lack of subject matter jurisdiction on review of the complaints, the court permitted the plaintiff to amend his complaint to set forth the basis of this court's jurisdiction, to identify the cause(s) of action he seeks to assert, and to provide more facts in support of his cause(s) of action.  In the submitted amendment, the plaintiff once again claimed theft of product but in an attachment also suggested that he has a patent and that Gillette and Schick have infringed on that patent.[3]

   A liberal reading of the amendment, in conjunction with the three initiating complaints, caused the court to construe the action as one for patent infringement, a cause of action over which it has subject matter jurisdiction.  *See* 28 U.S.C. § 1338.  Although the court found jurisdiction over the subject matter, it found the plaintiff's complaint still lacking with respect to the facts surrounding his claim of

---

   [2]Although the plaintiff actually named "Shiclick" as a defendant, the context of the plaintiff's pleadings demonstrates that this defendant's name, although misspelled, is actually "Schick."

   [3]Specifically, the plaintiff wrote, "Gillette & Schick is not patent before my patent Schick has taken own this four Blade razor."

patent infringement. Consequently, the court provided the plaintiff with another opportunity to provide additional information. Specifically, the court sought the following information: (1) the title and a description of the invention for which he sought patent protection; (2) the date on which his invention was created; (3) the date on which the patent was granted; (4) the patent number assigned to his invention; (5) a detailed description of how Gillette's and Schick's products infringed upon his patent; (6) the date on which he first discovered the alleged infringement by Gillette and Schick; and (7) a detailed description of how the Venture Club infringed on his patent.

In response to the court's order seeking more information, the plaintiff filed a photocopy of a letter he had previously filed with the court on January 26, 2006. In the letter, he writes, "I am applying to the court for a fast [illegible] payment My last of my product in a investment firm have left me [illegible] I am also applying for 2 class action suit for fraud of the web service and the patent Government protection. I am looking for an answer soon as possible for [bankruptcy] for me and my clients."

## II.

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (quoting *Conley v.*

*Gibson*, 355 U.S. 41, 47 (1957)); *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) ("[A] patentee need only plead facts sufficient to place the alleged infringer on notice.  This requirement ensures that an accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself.").

"A complaint for patent infringement satisfies . . . Rule 8(a), when the plaintiff:  (1) alleges ownership of the asserted patent, (2) names each individual defendant, (3) cites the patent that is allegedly infringed, (4) describes the manner in which the defendants allegedly infringe, and (5) identifies the specific sections of the patent law invoked."  *Home & Nature Inc. v. Sherman Specialty Co.*, 322 F. Supp. 2d 260, 265 (E.D.N.Y. 2004).

While the plaintiff suggests ownership of a patent in one of his filings, he has failed, despite specific direction from the court, to cite to the specific patent that he claims has been infringed.  Further, although he names Schick, Gillette, and Venture Club as defendants, he wholly fails to describe the manner in which those defendants purportedly infringed his allegedly patented product.

These scant facts are in stark contrast to those alleged in Form 16, a sample patent infringement complaint appended to the Federal Rules of Civil Procedure,[4]

---

[4]Sample allegations in Form 16 are as follows:

2. On May 16, 1934, United States Letters Patent No. ___ were duly and legally issued to plaintiff for an invention in an electric motor; and since that date plaintiff has been and still is the owner of those Letters Patent.

3. Defendant has for a long time past been and still is infringing those Letters Patent by making, selling, and using electric motors embodying the

and to those alleged in the following cases, where Rule 8(a)'s notice-pleading standard was found to have been met. In *Phonometrics, Inc.*, 203 F.3d at 794, for example, "Phonometrics' complaint alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked." Additionally, in *One World Techs., Ltd. v. Robert Bosch Tool Corp.*, No. 04 C 0833, 2004 WL 1576696, at *2 (N.D. Ill. July 13, 2004), the complaint alleges as follows:

> Plaintiffs' ownership of the '976 patent, names each individual defendant, cites the '976 patent as the patent that was allegedly infringed, [] points to the specific sections of the patent law invoked [and alleges that] Defendants have infringed and are now directly infringing, inducing infringement by others, and/or contributorily infringing one or more claims of the '976 patent within this District or elsewhere within the United States by making, using, selling, and/or offering to sell products falling within the scope of such claims, all without authority or license from Plaintiffs.

Finally, the counterclaim in *Ergobilt, Inc. v. Neutral Posture Ergonomics, Inc.*, No. CA 3-97-CV-2548-R, 1998 WL 483626, at *1 (N.D. Tex. Aug. 10, 1998), satisfied the notice-pleading standard when Neutral Posture Ergonomics ("NPE") alleged that it was "the assignee of record of patent '404; (2) ErgoBilt has been and still is infringing the '404 patent by making, selling, offering to sell, and using chairs practicing the patented invention; and (3) NPE has made the required statutory notice."

The court concludes that despite its grant to the plaintiff of additional time in

---

patented invention, and will continue to do so unless enjoined by this court.

which to provide further information, the plaintiff has failed to plead facts sufficient to place the defendants on notice as to the patent infringement claim asserted against them.  For this reason, the instant action must be dismissed for failure to meet Rule 8(a)'s notice-pleading requirement.

The court will enter a separate order of dismissal.

The clerk of court is directed to serve a copy of this opinion on the plaintiff.

Signed on  February 12, 2007

**Jennifer B. Coffman, Judge**
**United States District Court**